**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BFS Group LLC f/k/a ProBuild Company LLC,<br>    *Plaintiff*,<br><br>v.<br><br>Celina Mutual Insurance Company,<br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff BFS Group LLC f/k/a ProBuild Company LLC ("ProBuild") files this Original Complaint against Defendant Celina Mutual Insurance Company ("Celina"). In support, ProBuild respectfully shows the following:

## INTRODUCTION

1.      This is an insurance coverage case. Celina has wrongfully denied, and continues to wrongfully deny coverage for ProBuild as an additional insured under its insurance policy for property damage caused by its named insured Install and Service Center LLC.

2.      While ProBuild repeatedly requested Celina reverse its erroneously coverage denial and fulfill its obligations it has refused, leaving ProBuild on its own to fund a substantial settlement in its absence.

## PARTIES

3.      Plaintiff BFS Group LLC f/k/a ProBuild Company LLC is a limited liability company with its principal place of business in Texas.  BFS Group LLC's only member is Builders

1

FirstSource, Inc., which is incorporated in Delaware and headquartered in Texas. ProBuild is a citizen of Delaware and Texas.

4. Defendant Celina is an insurance company organized under the laws of Ohio with its principal place of business in Mercer County, Ohio. Celina is a citizen of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the Northern District of Ohio, because Defendant Celina resides within the Northern District of Ohio. *See* 28 U.S.C. § 1391(b)(1). The Western Division is further proper as Defendant Celina resides in Mercer County. *See* 28 U.S.C. § 115(a)(2).

## BACKGROUND FACTS

**A. The Master Subcontractor Agreement**

7. J. Scott Construction ("J. Scott") was the general contractor for the construction of River Ridge Apartments ("River Ridge"), a multi-building apartment complex in Loveland, Ohio.

8. J. Scott subcontracted with ProBuild (through its predecessor, Builders FirstSource—Ohio Valley, LLC ("BFS"))[1], to fabricate and erect the panelized wood-framed walls, along with the installation of the windows.

9. On December 6, 2017, ProBuild and Install and Service Center LLC ("ISC") entered into a Master Subcontractor Agreement (the "MSA"), attached hereto as Exhibit A.

---

[1] Builders FirstSource—Ohio Valley, LLC merged into ProBuild Company LLC. ProBuild Company LLC then changed its name to BFS Group LLC.

2

10.     Under the MSA, ProBuild subcontracted with ISC to perform the window installation at River Ridge.

11.     The MSA requires ISC to maintain Commercial General Liability insurance and include ProBuild as an additional insured:

At all times while performing the work and continuing thereafter until the expiration of the applicable statute of limitations for any claims, Subcontractor [ISC] will maintain for the benefit of itself and Contractor [ProBuild] (and Owner, when requested), the following minimum insurance coverage:
. . .
c.     Commercial General Liability - $1,000,000 per occurrence, $1,000,000 products-completed operations aggregate, $1,000,000 general aggregate, and broad form contractual liability coverage to cover the indemnity obligations undertaken herein.
. . .
Insurance policies shall . . . (b) be on an "occurrence" form, and (c) list Contractor [ProBuild] and if requested, Owner, as additional insureds per form CG 20 10 edition 11/85 or its equivalent on the General Liability and Automobile Liability Policies. For purposes of this additional insured requirement, the term "equivalent" means coverage for liability arising out of Subcontractor's [ISC's] Work performed for Contractor [ProBuild] and includes both ongoing and products-completed operations coverage.

(Ex. A, pgs. 4-5).

12.     The MSA also requires that the insurance provided by ISC be primary and non-contributory to any other insurance available to the additional insureds, and that waivers of subrogation be provided in favor of ProBuild on all insurance policies carried by ISC.

**B.     ISC's Insurance Policy with Celina**

13.     ISC obtained a Businessowners Insurance Policy from Celina, Policy No. 7028814-0, with a policy period from December 13, 2017, to November 22, 2018 (the "Policy"), attached hereto as Exhibit B.

14.     The Policy includes the Additional Insured – Owners, Lessees or Contractors – Completed Operations endorsement, adding ProBuild Company LLC, located at 2001 Bryan

3

Street, Suite 1600, Dallas, Texas 75201, as an additional insured (the "Completed Operations Endorsement").

15.     The Completed Operations Endorsement states, in relevant part:

Section II - Liability is amended as follows:

A. The following is added to Paragraph **C. Who Is An Insured**:

> Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

(Ex. B, pg. 35).

16.     The Policy defines "your work" as:

a. Means:
    (1) Work or operations performed by you or on your behalf; and
    (2) Materials, parts or equipment furnished in connection with such work or operations.
b. Includes:
    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
    (2) The providing of or failure to provide warnings or instructions.

The Schedule for the Completed Operations Endorsement includes all locations at which the insured (ISC) is performing work for the additional insured (ProBuild).

**C.     The Underlying Litigation**

17.     On February 23, 2024, the River Ridge entities sued J. Scott and ProBuild in the Court of Common Pleas of Hamilton County, Ohio, Case No. A 2400903 (the "Underlying Lawsuit"), asserting claims for alleged property damage caused by and resulting from windows that ISC improperly installed at River Ridge. The complaint in the Underlying Lawsuit alleges that

4

many windows were damaged and deformed, resulting in difficulty opening the windows, closing the windows, and broken glass seals, along with extensive resulting damage to the buildings.

18.     ProBuild disputes the allegations that it was responsible for the window installation and any resulting damage, and filed a third-party complaint against ISC in the Underlying Lawsuit, seeking contractual and common-law indemnity, and alternatively contribution, for any liability arising from ISC's negligent window installation.

19.     Upon information and belief, Celina agreed to defend ISC in the Underlying Lawsuit.

**D.     Celina's Denial of Coverage**

20.     On November 3, 2025, ProBuild tendered defense and indemnity to Celina as an additional insured under the Policy (the "Claim").

21.     By letter dated December 15, 2025, Celina denied both a duty to defend and a duty to indemnify ProBuild in the Underlying Lawsuit (the "Denial Letter").

22.     In the Denial Letter, Celina erroneously claimed there is no coverage for ProBuild and cited several non-applicable exclusions. Specifically, Celina asserted: (a) that ProBuild is not entitled to additional insured status because the complaint in the Underlying Lawsuit does not allege that ProBuild is vicariously liable for ISC's negligence; (b) that Exclusion K, "Damage to Property," bars coverage; (c) that Exclusion M, "Damage to Your Work," bars coverage; and (d) that the indemnity provision in the MSA is void under Ohio Revised Code § 2305.31.

23.     On February 6, 2026, ProBuild responded to Celina with a detailed letter explaining why Celina should reverse its coverage denial. ProBuild's letter explained: (a) that the duty to indemnify is determined by the evidence developed in discovery, not merely the allegations in the complaint, and the evidence establishes that ISC's negligent window installation caused the

5

property damage; (b) that expert reports from both parties confirm that ISC's removal of shims during installation and failure to follow manufacturer specifications was the cause of the window deformation and resulting property damage; (c) that Exclusion K does not apply because the property damage occurred after ISC's operations were completed, not during ongoing operations; (d) that even if Exclusion M applied to damage to the windows themselves, it does not exclude coverage for damage to other property, including drywall, paint, siding, trim, brick, landscaping, and other building components; and (e) that the indemnity provision in the MSA does not violate Ohio Revised Code § 2305.31 because it requires ISC to indemnify ProBuild only for ISC's own negligence, not ProBuild's negligence.

24.     ProBuild's letter also included a detailed, evidence-based damages model. Based on expert reports produced in the Underlying Lawsuit, ProBuild demonstrated that covered damages to property other than the windows themselves—including drywall removal and repair, brick removal and reinstallation, painting, siding, trim, carpet cleaning, tenant concessions, lost rent, landscape restoration, and other remediation costs—range from approximately $678,175.00 to $2,358,475.00.

25.     On February 19, 2026, Celina summarily declined to reverse its coverage position. In its response, Celina disputed causation, asserting that the alleged any issues with the windows were caused by ProBuild, not ISC. However, Celina ignored that: (a) multiple expert reports, including those submitted by River Ridge and ProBuild, confirm that ISC's failure to properly shim the windows during installation and failure to follow manufacturer specifications caused the window bowing and resulting property damage; (b) River Ridge's own expert, Timothy Bennett, concluded that ISC's failure to install shims beneath the window frames contributed to the damage; (c) ProBuild's expert, Timothy Dickson, concluded that the missing shims beneath the windowsills

caused the bowing and property damage. Celina also declined to evaluate the detailed damages model presented by ProBuild and refused to participate in settlement negotiations on ProBuild's behalf.

**E.    ProBuild Qualifies as an Additional Insured, Satisfies the Coverage Requirements, and No Exclusions Bar Coverage**

26.    ProBuild is explicitly listed as an additional insured on the Policy and satisfies all of the necessary conditions for coverage under the Policy's additional insured endorsements.

27.    Here, ProBuild is seeking coverage for damages alleged in the Underlying Lawsuit and caused by ISC's negligent actions including, without limitation, those resulting in damage to the drywall, paint, apartment interiors, siding, exterior trim, brick, landscaping, and subsequent labor and materials.

28.    No exclusions bar ProBuild's covered claim and Ohio Revised Code § 2305.31 does not apply.

**F.    ProBuild has been forced to settle the Underlying Litigation on its own.**

29.    Based on its erroneous denial of the Claim, Celina abandoned ProBuild to settle the Underlying Lawsuit without contribution from its insurer. As a direct and proximate result of Celina's wrongful denial, ProBuild was forced to expend its own resources, including management time, legal fees, and settlement funds, to defend against and resolve claims that should have been covered and defended by Celina under the Policy.

30.    ProBuild now settled the Underlying Lawsuit, including for those damages resulting from ISC's negligence. ProBuild has agreed to pay a substantial sum to resolve the claims—amounts that should have been indemnified by Celina under the Policy—and has incurred

significant attorneys' fees and costs in defending the Underlying Lawsuit and pursuing this coverage action.

## CAUSES OF ACTION

### Count One: Breach of Contract (Ohio)

31.     ProBuild reiterates and adopts each and every statement in the foregoing paragraphs as if set forth fully here.

32.     ProBuild had a valid and enforceable contract with Celina, namely the Policy, under which ProBuild is an additional insured.

33.     ProBuild performed or was excused from performance under the Policy.

34.     ProBuild is the proper party to bring suit for breach of contract because it is an additional insured under the Policy.

35.     Celina's failure and/or refusal to indemnify ProBuild for its Claim as it was obligated to do under the terms of the Policy is a breach of contract.

36.     Celina's breach of contract with respect to the Policy has caused ProBuild's damages, for which Celina is liable.

37.     Therefore, ProBuild is entitled to its actual damages (direct, indirect, and/or consequential), pre-judgment and post-judgment interest, costs, and attorneys' fees.

### Count Two: Breach of the Common Law Duty of Good Faith and Fair Dealing (Ohio)

38.     ProBuild reiterates and adopts each and every statement in the foregoing paragraphs as if set forth fully here.

39.     ProBuild is an additional insured under the Policy issued by Celina, giving rise to a duty of good faith and fair dealing.

40.     Celina failed to exercise good faith in the processing of ProBuild's claim because its refusal to pay the claim was arbitrary and capricious and not predicated upon circumstances that furnish a reasonable justification therefor. Despite ProBuild's detailed presentation of coverage entitlement and damages, Celina refused to reconsider its position or evaluate the damages model provided.

41.     Celina breached the duty by failing to reasonably investigate ProBuild's claim, by improperly delaying and denying payment of the claim when Celina knew or should have known its liability under the Policy was reasonably clear, by misrepresenting the applicability of Policy provisions and exclusions, and by refusing to evaluate the evidence-based damages model presented by ProBuild.

42.     Celina's breach of this duty demonstrates malice and/or aggravated and/or egregious fraud.

43.     For Celina's breach of the duty of good faith and fair dealing, ProBuild is entitled to: (a) compensatory damages, including all losses flowing from Celina's bad faith conduct, such as the amounts ProBuild paid to settle the Underlying Lawsuit; (b) economic damages resulting from Celina's misconduct; (c) pre-judgment and post-judgment interest; and (d) exemplary and punitive damages.

## Count Three: Deceptive Trade Practices (Ohio)

44.     ProBuild reiterates and adopts each and every statement in the foregoing paragraphs as if set forth fully here.

45.     Celina is a "person" within the meaning of O.R.C. § 4165.01(D).

46.     ProBuild is a "person" within the meaning of O.R.C. § 4165.01(D).

9

47. Celina engaged in deceptive trade practices, in contravention of O.R.C. § 4165.02 when it knowingly represented that goods or services, namely the Policy, had uses or benefits it did not have. In particular, Celina represented that the Policy would provide coverage to ProBuild as an additional insured for liability caused by work performed by ISC, but has now taken the position that Celina does not owe such coverage. Thus, Celina misrepresented that the Policy provided coverage and had characteristics, uses, or benefits that it does not have, in contravention of O.R.C. § 4165.02(7).

48. Celina intended that ProBuild would rely upon its materially deceptive practices.

49. ProBuild relied to its detriment upon Celina's deceptive practices, including entering into a business relationship with ISC for which it believed it had insurance coverage based upon Celina's misrepresentations.

50. Celina's actions as described herein constitute unfair, fraudulent, misleading, and deceptive trade practices in the course of its business in violation of O.R.C. § 4165.02.

51. As a direct and proximate result of Celina's violation of the Ohio Deceptive Trade Practices Act, ProBuild has been misled, deceived, and suffered actual damages. ProBuild seeks actual damages, all statutorily permissible damages, attorneys' fees, expenses, costs, and all other relief allowable pursuant to O.R.C. § 4165.03.

## Count Four: Breach of Contract (Texas)[2]

52. ProBuild reiterates and adopts each and every statement in the foregoing paragraphs as if set forth fully here.

---

[2] ProBuild pleads these Texas causes of action in addition to and, if necessary due to choice-of-law principles, in the alternative to the Ohio causes of action above.

53.     ProBuild had a valid and enforceable contract with Celina, namely the Policy, under which ProBuild is an additional insured.

54.     ProBuild performed or was excused from performance under the Policy.

55.     ProBuild is the proper party to bring suit for breach of contract because it is an additional insured under the Policy.

56.     Celina's failure and/or refusal to indemnify ProBuild for its Claim as it was obligated to do under the terms of the Policy is a breach of contract.

57.     Celina's breach of contract with respect to the Policy has caused ProBuild's damages, for which Celina is liable, including but not limited to the amounts ProBuild has paid or agreed to pay to settle the Underlying Lawsuit; costs incurred in investigating the claims and scope of damage; consequential damages, including the diversion of corporate resources and management attention to address the coverage dispute;  pre-judgment and post-judgment interest at the maximum legal rate; and reasonable and necessary attorneys' fees incurred in this coverage action.

58.     Therefore, ProBuild is entitled to its actual damages (direct, indirect, and/or consequential) as described above, pre-judgment and post-judgment interest at the maximum legal rate, costs, and attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

**Count Five: Breach of the Common Law Duty of Good Faith and Fair Dealing (Texas)**

59.     ProBuild reiterates and adopts each and every statement in the foregoing paragraphs as if set forth fully here.

60.     ProBuild is an additional insured under the Policy issued by Celina, giving rise to a duty of good faith and fair dealing.

11

61.     Celina breached the duty by failing to conduct a reasonable investigation of ProBuild's claim, by improperly delaying and denying payment of the claim when Celina knew or should have known its liability under the Policy was reasonably clear, by misrepresenting the applicability of Policy provisions and exclusions, and by refusing to participate in settlement negotiations on ProBuild's behalf despite evidence of covered damages.

62.     For Celina's breach of the duty of good faith and fair dealing, ProBuild is entitled to compensatory damages, including: (a) all losses resulting from Celina's bad faith, including the amounts paid to settle the Underlying Lawsuit; (b) damages for economic hardship, including the costs of diverting resources to address Celina's improper denial; (c) additional costs incurred as a direct result of Celina's bad faith; (d) exemplary and punitive damages; and (e) reasonable and necessary attorneys' fees.

**Count Six: Violations of the Texas Insurance Code: Unfair Methods of Competition and Unfair or Deceptive Acts or Practices**

63.     ProBuild reiterates and adopts each and every statement in the foregoing paragraphs as if set forth fully here.

64.     Celina's conduct constitutes multiple violations of the Texas Insurance Code.

65.     Celina is a "person" engaged in the business of insurance within the meaning of Texas Insurance Code § 541.02.

66.     Pursuant to § 541.051(1)(A), it is an unfair method of competition or unfair or deceptive act or practice to "make . . . a[] . . . statement misrepresenting with respect to a policy issued . . . the terms of the policy[.]"

67.     Pursuant to § 541.060, it is an unfair method of competition or unfair or deceptive act or practice to:

12

(1) misrepresent[] to a claimant a material fact or policy provision relating to coverage at issue;

(2) fail[] to attempt in good faith to effectuate a prompt, fair, and equitable settlement . . . of a claim with respect to which the insurer's liability has become reasonably clear;

(3) fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; . . . [or]

(7) refus[e] to pay a claim without conducting a reasonable investigation with respect to the claim.

68.     Pursuant to § 541.061(a)(1), it is an unfair method of competition or an unfair and deceptive act or practice to "mak[e] an untrue statement of material fact."

69.     Celina violated the Texas Insurance Code, including subsections (a)(1)(A) of § 541.051, subsections (a)(1), (2), (3), and (7) of § 541.060, and subsection (a)(1) of § 541.061.

70.     As detailed above, Celina made false statements of material fact and misrepresentations to ProBuild relating to the Policy terms at issue, including the applicability of claimed coverages and exclusions.

71.     Celina failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of ProBuild's claim, even though Celina's liability under the Policy was reasonably clear.

72.     Celina failed promptly to provide ProBuild with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its non-payment of the claim.

73.     Celina refused to pay ProBuild's claim without conducting a reasonable investigation with respect to the claim.

74.     These violations of the Texas Insurance Code are actionable under Texas Insurance Code § 541.151.

13

75. Celina's violations of the Texas Insurance Code were a producing cause of injury to ProBuild, which resulted in substantial actual damages, including but not limited to: (a) the amounts ProBuild paid or agreed to pay to settle the Underlying Lawsuit; (b) defense costs and attorneys' fees incurred in the Underlying Lawsuit; (c) costs incurred in investigating the claims and pursuing coverage; (d) economic losses flowing from the improper denial of benefits; and (e) additional damages proximately caused by Celina's statutory violations.

76. ProBuild has provided written notice to Celina that it seeks damages, costs, and attorneys' fees under Texas Insurance Code § 541.154.

77. Celina knowingly committed the alleged Texas Insurance Code violations, which entitles ProBuild to recover treble damages under Texas Insurance Code § 541.152(b). Celina's conduct was committed with actual awareness of the falsity, unfairness, or deceptiveness of its acts, as evidenced by its refusal to reconsider its denial despite ProBuild's detailed coverage letter and damages presentation.

78. ProBuild is entitled to recover reasonable and necessary attorneys' fees under Texas Insurance Code § 541.152(a)(1).

**Count Seven: Violations of the Texas Insurance Code: Prompt Payment of Claims**

79. ProBuild repeats and incorporates by reference the allegations set forth in each of the preceding paragraphs as though set forth fully below.

80. ProBuild suffered a loss covered by the Policy and gave proper notice of its claim to Celina.

81. Celina is liable for ProBuild's claim for coverage under the Policy and had a duty to pay the claim in a timely manner.

82.     Celina breached that duty in violation of chapter 542 of the Texas Insurance Code by not timely accepting or rejecting ProBuild's claim after receiving all items, statements, and forms required to secure final proof of loss.

83.     Celina breached that duty in violation of chapter 542 of the Texas Insurance Code by delaying payment of ProBuild's claim for more than 60 days after receiving all reasonably requested and required items.

84.     As a result, ProBuild has been damaged and continues to be damaged by Celina's conduct. Celina is therefore liable to pay ProBuild statutory damages as set forth in Texas Insurance Code Section 542.060, and attorneys' fees should be taxed as costs of this suit.

## JURY DEMAND

85.     ProBuild requests a jury trial and will tender the applicable jury fee.

## PRAYER

ProBuild respectfully requests that the Court enter judgment in its favor and award the following relief:

A.     On its first count for breach of contract (Ohio), compensatory and general damages in an amount to be proven at trial, including the amounts paid or agreed to be paid by ProBuild to settle the Underlying Lawsuit and the costs of defending that lawsuit; an award of costs and attorneys' fees; pre-judgment and post-judgment interest; and such other and further relief as this Court finds proper, just, and equitable.

B.     On its second count for breach of the common law duty of good faith and fair dealing (Ohio), an award of compensatory damages, including all losses resulting from

Celina's breaches of duty; economic damages; pre-judgment and post-judgment interest; punitive damages; and any other relief the Court determines is proper, just, and equitable.

C.      On its third count for deceptive trade practices (Ohio), actual damages, all statutorily permissible damages, attorneys' fees, expenses, costs, and all other relief allowable pursuant to O.R.C. § 4165.03.

D.      On its fourth count for breach of contract (Texas), compensatory and general damages in an amount to be proven at trial, including the amounts paid or agreed to be paid by ProBuild to settle the Underlying Lawsuit and the costs of defending that lawsuit; an award of costs, expenses, and attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code and as otherwise permitted by applicable law; pre-judgment and post-judgment interest; and such other and further relief as this Court finds proper, just, and equitable.

E.      On its fifth count for breach of the common law duty of good faith and fair dealing (Texas), an award of compensatory damages, including all losses resulting from Celina's breaches of duty; damages for economic hardship and additional costs resulting from Celina's bad faith; exemplary (punitive) damages; reasonable and necessary attorneys' fees; and any other relief the Court determines is proper, just, and equitable.

F.      On its sixth count for violations of the Texas Insurance Code: Unfair Methods of Competition and Unfair or Deceptive Acts or Practices, an award of actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, defense costs and attorneys' fees incurred in the Underlying Lawsuit; court costs; reasonable and necessary attorneys' fees pursuant to Texas Insurance Code § 541.152(a)(1); and an award

of statutory damages up to three times ProBuild's actual damages under Texas Insurance Code § 541.152(b) based on Celina's knowing violations of the Texas Insurance Code.

G.      On its seventh count for violations of the Texas Insurance Code: Prompt Payment of Claims, ProBuild seeks statutory damages (interest) as set forth in Texas Insurance Code Section 542.060 and attorneys' fees.

H.      Such other legal and equitable relief to which ProBuild may be entitled in law or in equity, including, but not limited to, costs of the action and attorneys' fees in an amount to be determined.

Respectfully submitted,

By: /s/ Joseph T. Mordino_____
        Joseph T. Mordino,  #0065001
        **GATLIN VOELKER, PLLC**
        720 East Pete Rose Way, Suite 300
        Cincinnati, OH 45202
        Telephone: 513-421-7500
        jmordino@gatlinvoelker.com
        **ATTORNEY FOR PLAINTIFF**


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on May 15th, 2026 a true and correct copy of the above and foregoing document was served through CM/ECF on all parties requesting electronic notification.

        /s/ Joseph T. Mordino_____
        JOSEPH T. MORDINO

17