UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BFS Group LLC,

Plaintiff,

v.

Celina Mutual Insurance Company, et al.,

Defendants.

Case No. 3:26-cv-1145

ORDER

On May 15, 2026, Plaintiff BFS Group LLC invoked this Court's diversity jurisdiction when filing its Complaint against Defendant Celina Mutual Insurance Company. (Doc. No. 1 at 2; Doc. No. 1-3 at 1). Then, on July 21, 2026, Plaintiff BFS Group LLC amended its complaint to assert claims against not just Defendant Celina Mutual Insurance Company, but also Defendant Install and Service Center, LLC.[1] (Doc. No. 6). In doing so, Plaintiff maintains this Court has subject matter jurisdiction over the case on the basis of diversity. (*Id.* at 2).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). That is, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). As Plaintiff implicitly recognizes, (Doc. No. 6 at

[1] Contrary to Defendant Install and Service Center, LLC's assertion in its opposition brief to the pending motion to consolidate, Plaintiff's Amended Complaint was not filed "in contravention of Fed. Civ. R. 15(a)." (Doc. No. 11 at 2 n.2). Under Rule 15(a), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff used its one opportunity to amend as a matter of course when it filed the subject Amended Complaint 21 days after Defendant Celina Mutual Insurance Company filed its Answer on June 30, 2026. (Doc. No. 4).

1-2), "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In the Amended Complaint, Plaintiff asserts Defendant Install and Service Center, LLC:

> is a limited liability company with its principal place of business in Milford, Ohio. Upon information and belief, none of ISC's members are citizens of Texas or Delaware. Upon information and belief, ISC is a citizen of Ohio.

(Doc. No. 6 at 2). But an LLC's principal place of business is not relevant to its citizenship, and Plaintiff's conclusory assertions regarding the LLC's members and citizenship are insufficient. Instead, Plaintiff must identify Defendants members and, if applicable, sub-members and state sufficient factual allegations from which I can verify their citizenship. Without this information, I cannot determine Defendant Install and Service Center, LLC's citizenship and conclude this Court has diversity jurisdiction over this case.

To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement the Complaint by filing an affidavit of jurisdiction no later than **November 20, 2026**. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In this affidavit, Plaintiff must:

a. Identify each member and sub-member of Defendant Install and Service Center, LLC, which "must be traced through however many layers of partners or members there may be," *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); and

b. State sufficient factual allegations for me to determine the citizenship of every member and sub-member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

While I acknowledge that it remains Plaintiff's burden to establish this Court's diversity jurisdiction was properly invoked, I remind counsel for Defendant Install and Service Center, LLC of this Court's expectation of collaboration and urge them to actively participate in acquiring the relevant facts required to determine its citizenship so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge